BAUSER, Appellee,

v.

BAUSER, Appellant.

[Cite as *Bauser v. Bauser* (1997), 118 Ohio App.3d 831.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 96–CA–0018.

Decided March 21, 1997.

*Linda Cushman,* for appellee.

*James H. Lagos,* for appellant.

GRADY, Judge.

This is an appeal from a judgment and decree of divorce. Two issues are presented: whether the trial court erred when it entered a distributive award for the wife of a one-half share of the husband's disability pension income, and whether the court abused its discretion when it declined to divide the parties' interests in their marital residence, gave the wife the right to live there for the remainder of her life, and ordered the husband to pay half the maintenance expenses.

We find that the trial court erred when it divided the husband's disability pension income because, on this record, it was the husband's separate property, and we reverse the distributive award of a share of that income to the wife. We also find an abuse of discretion in the order preserving the marital residence and permitting the wife to live there, and that order is reversed, as well.

I

Defendant-appellant, Clarence J. Bauser, is sixty-four years of age. Plaintiff-appellee, Ruth Bauser, is sixty-five years of age. They were married in 1950. At the entry of the decree of divorce from which this appeal was taken in February 1996, Mrs. Bauser remained living in the marital residence. Mr. Bauser lived in his motor home.

Neither party is employed. Mr. Bauser's sole income is a disability pension paid to him by the Ohio Public Employees Retirement System in the amount of $17,301.40 per year, which he receives in equal monthly net payments of $1,227.00. Mrs. Bauser receives $416 per month in Social Security disability benefits.

The parties' marital residence is a house that they purchased in 1965. No mortgage balance is owed on it. The net marital equity in the house is between $35,000 and $42,000.

At the time of the divorce the parties had agreed on division of their motor vehicles and other personal property. The trial court confirmed their agreement in its order.

The trial court, adopting the recommended decision of its magistrate over the objection of Mr. Bauser, found his disability pension income to be marital property, and it awarded one-half of the monthly payment he receives, $613.50, to Mrs. Bauser as her share of that marital property. Also over Mr. Bauser's objection, the court found that Mrs. Bauser's Social Security disability income is not marital property, and the court declined to divide it. The court also declined to award spousal support.

With respect to the marital residence, the trial court overruled Mr. Bauser's objections and adopted the magistrate's recommended order, which provides:

"8. Considering the ages of the parties, length of marriage, financial resources, current living arrangements and R.C. 3105.71.1(J)(1), the Plaintiff will have exclusive use of the real property until the death of the Plaintiff, remarriage of Plaintiff, cohabitation by Plaintiff, Plaintiff no longer desires to live there, Plaintiff abandons the residence as her principal residence, wasting of the residence by the Plaintiff, or a substantial change in circumstances.

"9. Upon the first occurrence of the aforesaid events, the residence shall be listed for sale and upon closing, and after payment of any mortgages, taxes, insurance due, any real estate commissions payable and customary costs of closing, the net proceeds realized therefrom will be divided between the parties.

"Neither party shall do anything to frustrate the sale of this property and the Court retains jurisdiction to resolve any disputes between the parties arising from the fulfilling of the conditions precedent to sale, or from the listing and sale.

"10. Until the residence is sold the Plaintiff will pay all taxes and insurance thereon. Each party will pay one-half of any necessary repairs needed for the property. Plaintiff will obtain the prior approval of the Defendant before incurring any repair expense in excess of $500.00. The Court retains jurisdiction if the parties cannot agree upon what is a necessary repair.

"11. The Defendant will immediately transfer any keys he has to this property to the Plaintiff."

Mr. Bauser filed a timely notice of appeal from the judgment and decree of divorce entered by the trial court. He now presents two assignments of error.

## II

### Disability Benefits

In his first assignment of error Mr. Bauser argues that the trial court erred when it classified his disability pension income as a marital property and divided it as a marital asset. We agree.

R.C. 3105.171 requires the domestic relations court, upon the application of either party in an action for divorce, to determine what constitutes marital property and what constitutes separate property, to divide the marital property equitably between the parties, and "to disburse a spouse's separate property to that spouse." R.C. 3105.171(D). Paragraph (A)(6)(a) of the statute states:

" 'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:

" \* \* \*

"(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets."

Disability benefits are a form of compensation for personal injury. This court has held that disability pension benefits are not marital property unless they are accepted in lieu of old-age retirement pay, in which event they are marital property to the extent that the retirement pay value is included in the disability pension benefit. *Elsass v. Elsass* (Dec. 29, 1993), Greene App. Nos. 93–CA–0005 and 93–CA–0016, unreported, 1993 WL 541610.

In *Elsass*, the parties stipulated that the payee spouse's election to receive disability pension benefits did not diminish the old-age retirement benefits he might ultimately receive. Therefore, because the disability pension benefit included no old-age retirement pay value, the entire disability benefit was the separate property of the payee spouse and was exempt from division.

Here, the record contains no evidence demonstrating that any of the disability pension income that Mr. Bauser receives is paid in lieu of old-age retirement benefits or that the amount of old-age retirement benefits that he would otherwise be entitled to receive is diminished by the current payment of disability pension benefits. The trial court held that the failure of evidence supports a finding that Mr. Bauser's disability pension benefits are marital property. However, the effect of that failure is to preserve their status as separate property pursuant to R.C. 3105.171(A)(6)(a)(vi). It was Mrs. Bauser's burden to prove the statutory exception for marital earnings in order to have the court classify some or all of Mr. Bauser's disability pension benefit as marital property. It was not Mr. Bauser's burden to prove the negative proposition that the exception does not apply.

We find that the trial court erred when it entered a distributive award to Mrs. Bauser of one-half of Mr. Bauser's disability pension income because, on this record, that income is his separate property which the court was required by R.C. 3105.171(D) to disburse to him. The first assignment of error is sustained.

### III

### Marital Residence

In his second assignment of error Mr. Bauser argues that the trial court erred when it awarded Mrs. Bauser the right to live in the marital residence for the remainder of her life and ordered him to pay one-half of the expenses of its maintenance until the property is sold.

A domestic relations court is given broad discretion to grant a spouse the right to use the marital dwelling for any "reasonable period of time." R.C. 3105.171(J)(1). Therefore, our standard of review is the abuse-of-discretion standard. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court but must be guided by a presumption that the findings of the trial court are correct." *Focke v. Focke* (1992), 83 Ohio App.3d 552, 555, 615 N.E.2d 327, 329.

R.C. 3105.171 creates a preference for a division of marital property that is equitable and complete. Therefore, the court should not leave a marital asset undivided when one of the parties seeks its division, absent evidence that a particularized need exists to retain joint ownership of the asset after the divorce. Furthermore, the use and control of the property that the decree permits must be consistent with the equitable standards imposed by the statute.

The record indicates that both parties are in poor health and unable to work. Mr. Bauser's sole income is his disability retirement benefit of $1,217 per month. Mrs. Bauser's sole income is her Social Security disability benefit of $416 per month. Mr. Bauser has lived alone, in his 1976 van or motor home, since he left the marital residence. He has no bank deposits or other assets convertible to cash. Mrs. Bauser has remained in the marital residence, and it appears that she permits her adult son also to live there intermittently. At the time of the divorce she owned approximately $13,000 in bank deposits. Each party owns approximately $19,000 in equity in the marital residence.

Mrs. Bauser asked the court to allow her to continue to live in the marital residence until her death or remarriage. She offered no specific reason for that request. Neither did she present any need that justified it.

Mr. Bauser asked the court to order the marital residence sold and the net proceeds of sale divided between him and Mrs. Bauser. The trial court's order leaves Mr. Bauser living in his motor home. He can rent an apartment, but his ready cash may be diminished by a spousal support order.

A domestic relations court may allow either spouse to continue to live in the marital residence for any period of time that is reasonable. R.C. 3105.171(J)(1). What is reasonable depends on the facts and circumstances involved. However, we view the resulting term to be one that is short-term and temporary, and granted upon a showing of a particularized need. Absent that proof, the statute offers no basis to grant the benefit to one of the spouses, and

certainly not an open-ended benefit that denies the other spouse access to his equity in the property for many years, perhaps forever. Employed to achieve that result, the statute is misused to, in effect, divide the parties' interests in their marital property.

This record presents no reason to find that Mrs. Bauser, with her disability income supplemented by spousal support, is unable to procure suitable housing for herself. Certainly, she is in no worse position in that regard than is Mr. Bauser, and with her cash assets she may be better off. She has shown no need for the benefit she sought, and was awarded, of living in the marital residence indefinitely. On this record the court abused its discretion when it awarded her that benefit. The second assignment of error is sustained.

## IV

### Conclusion

Having sustained both assignments of error, we will reverse those portions of the trial court's order that made a distributive award to Mrs. Bauser of a share of Mr. Bauser's disability pension income and that granted her a right to continue to live in the marital residence until her death or remarriage. The order denying spousal support will also be reversed, inasmuch it appears to have been predicated on the fact that the distributive award of Mr. Bauser's disability retirement benefits diminished Mrs. Bauser's need for spousal support. The case is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FREDERICK N. YOUNG, P.J., and BROGAN, J., concur.