OPINION
Rodney Carnifax, Administrator W.W.A. of the Estate of Lawrence Ray Carnifax, deceased, appellant and cross-appellee ("appellant"), appeals the judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, in which it issued a final decree of divorce.
It is important for purposes of clarity to note at the outset of this opinion that after the filing of this appeal, Lawrence Ray Carnifax ("Lawrence") became deceased and was substituted by appellant as a party in this matter.
The record reveals that Lawrence and Judith L. Carnifax, appellee and cross-appellant ("appellee"), were married on April 17, 1965, in Wadsworth, Ohio. Two children were born as issue of the marriage and were over eighteen years of age at the time of divorce proceedings. At the time of the divorce, the parties possessed numerous assets. Important to this appeal are the assets consisting of certain West Virginia real estate, Lawrence's disability pension and appellee's social security benefits. Also, when the trial court entered judgment in this matter, Lawrence was fifty-two years of age, while appellee was fifty-one. Lawrence suffered a heart attack in the fall of 1996.
On September 12, 1997, the trial court filed a judgment entry granting the final decree of divorce. In that entry, the trial court found that both Lawrence and appellee held title to certain West Virginia real estate that had remained in Lawrence's family for many generations. Lawrence and appellee obtained ownership of that property by making two separate purchases during their marriage. The property was deeded in both of their names. The trial court also found that Lawrence intended to keep the real estate within his father's family and intended to retire his family to the property upon termination of his employment with the Ohio State Highway Patrol ("highway patrol"). Ultimately, the trial court concluded that the West Virginia real estate was subject to division with appellee pursuant to R.C. 3105.171(H). Thus, Lawrence was ordered to pay appellee the sum of $30,500, which represented her one-half share of the property's value.
The court also determined that Lawrence was receiving income from a disability pension from the highway patrol in the net monthly amount of $2,080.38. It also was found that appellee did not have any pension benefits from her employment, but had accumulated social security benefits in the amount of $375. The trial court concluded that appellee was entitled to one-half the monthly value of Lawrence's net pension ($2,080.38) plus her monthly social security benefit ($375), minus her social security benefit ($375). Therefore, appellee was ordered to receive $852.69 per month.
On October 15, 1997, this appeal was initiated. Appellant now raises the following assignment of error:
 "The [t]rial [c]ourt's finding that the [Carnifax] farm located in West Virginia was marital property was against the manifest weight of the evidence[.] The [t]rial [c]ourt erred in awarding [appellee] fifty percent (50%) of the appraised value of the West Virginia farm real estate[.]"
Appellee filed a cross-appeal on October 22, 1997, raising one assignment of error:
 "The trial court abused its discretion by reducing appellee's portion of the monthly pension benefit, currently payable to appellant by factoring her potential security benefit, which benefit would not be realized by appellant until fourteen (14) years from the date of decree."
In appellant's sole assignment of error, he contends that the trial court's determination that the West Virginia farm was marital property was against the manifest weight of the evidence. Thus, appellant claims that the trial court erred when it awarded appellee a fifty percent share in the appraised value of that real estate. In support of his contentions, appellant argues that the farm had been transferred within Lawrence's family for one hundred to one hundred fifty years. Appellant further states that the farm was transferred as advancement on Lawrence's inheritance and is, thus, separate property not subject to division.
In C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus, the Supreme Court of Ohio stated that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." The manifest weight standard was further discussed in Gerijo, Inc.v.Fairfield (1994), 70 Ohio St.3d 223, 226, when the court stated:
 "* * * We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77 * * *. In the event the evidence is susceptible to more than one interpretation, we must construe it consistently with the lower court's judgment. See Ross v. Ross (1980), 64 Ohio St.2d 203 * * *." (Parallel citations omitted.)
The term "marital property" is defined in R.C. 3105.171(A)(3)(a) as:
 "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both spouses during the marriage;
"* * *
 "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage; * * *."
"Separate property" is defined in R.C. 3105.171(A)(6):
 "(a) * * * all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 "(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
 "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
 "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;
"* * *
 "(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."
In addition, R.C. 3105.171(B) states that in divorce proceedings, the trial court is vested with the power to determine what constitutes marital property and is empowered to "divide the marital and separate property equitably between the spouses." Also, "spouses in Ohio are presumed to have contributed equally to the accumulation of marital assets. R.C. 3105.171(C)(2)." Schneider v.Schneider (1996), 110 Ohio App.3d 487, 493.
The facts of this case show that Lawrence and appellee purchased the real estate at issue in this appeal in two separate transactions in 1972, during their marriage, and deeded in both of their names. The real estate was purchased from Lawrence's sister and brother-in-law in the first transaction, and from his parents in the second sale. Additionally, Lawrence admitted on cross-examination that there were continual expenses incurred on the farm, in the form of taxes and repairs, since the early 1980's. Lawrence also admitted that those expenses were regularly paid. Moreover, Lawrence agreed that his parents did not file a gift tax return on the property transfer. Finally, the only evidence introduced that the transfer was an advance on Lawrence's inheritance consisted of Lawrence's statement at trial that it was.
These facts directly support the trial court's finding that the farm was marital property, as defined in R.C. 3105.171(A)(3)(a). The deed indicates that Lawrence and appellee owned the farm and the property was acquired during the marriage. Under Schneider,supra, appellee is presumed to have contributed equally to the purchase. Conversely, the facts in the instant matter strongly weigh against a finding that the farm was an advancement on Lawrence's inheritance. The only evidence supporting Lawrence's inheritance argument consists of his statement at trial, which the trial court apparently found unconvincing. Thus, the record also endorses the court's finding that appellee is entitled to a fifty percent share in the appreciated value of the West Virginia real estate.
For the above stated reasons, the judgment of the trial court is supported by some competent, credible evidence going to all the essential elements of R.C. 3105.171(A)(3)(a) and (B). Therefore, the judgment of the trial court was not against the manifest weight of the evidence. Thus, appellant's assignment of error is without merit.
In appellee's cross-appeal, she argues that the trial court abused its discretion by reducing her current share in Lawrence's monthly pension payment to an amount equal to her social security benefit, which she claims will not be payable until fourteen years from the date of the divorce decree. Under this cross-appeal, appellee does not complain about any of the calculations indulged by the trial judge, but simply complains that the offset of her anticipated social security benefits against the present pension received by Lawrence was simply inequitable.
In Ohio, the fair and equitable division of pension or retirement benefits in a divorce matter is left to the trial court's discretion.Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, paragraph one of the syllabus. In deciding how a pension is to be distributed between spouses, the trial court must account for the fact that pension or retirement benefits earned during the marriage are marital assets and a factor to be considered in the just division of property. Id. at 178. However, social security benefits, disability retirement pay, and railroad benefits are not marital assets. Id. at 178 fn. 3.
In Bauser v. Bauser (1997), 118 Ohio App.3d 831, the Second District Court of Appeals of Ohio reversed the trial court's determination that the appellant's disability pension income was marital property. In that case, the appellant was receiving a disability pension paid to him by the Ohio Public Employees Retirement System ("PERS") in the net monthly amount of $1,227. The appellee, the appellant's wife, received $416 per month in social security disability benefits. In its judgment entry, the trial court awarded the appellee a one-half share in the appellant's disability pension and concluded that the appellee's social security benefits were not marital property. Thus, the appellee would receive the sum of $613.50 per month, in addition to her full social security income.
In its reasoning, the appellate court stated that it reversed on the issue of allocating the appellee a one-half interest in the appellant's disability pension benefits, because there was no evidence in the record demonstrating that any of the disability pension income received by the appellant was provided in lieu of old-age retirement pay. Id. at 835. As stated in Bauser, disability pension benefits cannot be considered marital property "unless they are accepted in lieu of old-age retirement pay, in which event they are marital property to the extent that such retirement pay value is included in the disability pension benefit." Id. Furthermore, the court stated that the appellee had the burden of proving that those benefits were being received in lieu of old-age retirement pay, which she failed to show, and determined that there was no evidence in the record supporting that burden. Id. Therefore, the judgment of the trial court was reversed.
In our case, the facts are very similar to those in Bauser. In the judgment entry governing the final decree of divorce, which is written as a marital property division order and not a spousal support order, appellee was awarded an interest in one-half of Lawrence's disability pension income, adjusted for her social security benefits. Under Hoyt and Bauser, Lawrence's disability benefits are not to be considered marital assets unless they are paid in lieu of his old-age retirement benefits. Additionally, appellee maintains the burden of proving that the disability income is a marital asset. In our review of both parties' briefs, the judgment entry appealed from, and the record, this court fails to see that appellee satisfied her burden. Indeed, we are unaware of any discussion on this issue. Hence, this matter is remanded to the trial court for the purpose of determining what portion of Lawrence's disability income, if any, is provided in lieu of his old-age retirement benefits. Also, the trial court is encouraged on remand to re-examine the entire pension issue to determine whether there are any pension benefits available to inure to the benefit of the parties.[1]
Important to the final resolution of this matter is whether the pension in question was properly characterized as a "disability pension." On appeal, counsel for both parties agree that the trial court erred in referring to it as a "disability pension" in its judgment entry. Moreover, we have reviewed the transcript of the testimony and all the exhibits that were before the trial judge and can find no evidence to support this description of the pension. Also, we remand this issue to the trial court in order that it properly consider whether the pension was a disability pension. If the pension was not a disability pension, then the trial court must modify its judgment entry to correct its prior characterization.
However, regardless of whether Lawrence's pension is a disability pension or merely a retirement pension, the trial court must be reversed on the basis that it improperly included appellee's social security benefits into its marital property calculation, and then reduced her interest in the pension by her social security benefit amount, which was in error. Accordingly, appellee's cross-appeal is with merit.
For the foregoing reasons, appellant's assignment of error is without merit and appellee's cross-appeal is with merit. Therefore, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and this case is remanded for further proceedings.
 __________________________ JOSEPH E. O'NEILL, JUDGE
CHRISTLEY, P.J., NADER, J., concur.
[1] For example, see R.C. 5505.162.