OPINION
Defendant-appellant Russell Criswell appeals from an order holding him in contempt for failing to pay plaintiff-appellee Janice Criswell a share of disability benefits he receives from General Motors Corporation. Janice Criswell cross-appeals, contending that the trial court erred by failing to award her a larger amount of attorneys fees and costs.
We agree with Mr. Criswell that Ms. Criswell failed to satisfy her burden of proving that the disability benefits he received diminished voluntary or old age retirement benefits that he would otherwise receive from General Motors. This conclusion renders moot Ms. Criswell's cross-appeal.
Accordingly, the judgment of the trial court is Reversed andVacated.
 I
The parties were divorced in 1991. Their divorce decree included the following paragraph:
 The Court further finds from the evidence that the Plaintiff has no retirement benefits. The Court also finds that the Defendant has a vested non-contributory retirement benefit in connection with his employment with Inland Division of General Motors. The Court further finds from the evidence that the Defendant is entitled to a sum of Two Hundred Fifty-Nine Dollars ($259.00) per month at age sixty-five (65) should he terminate his employment at the time of trial. The Court hereby finds said retirement benefits of the Defendant to be marital assets subject to division and that at the time of the Defendant's retirement, Plaintiff shall be entitled to sum of One Hundred Twenty-Nine Dollars and Fifty Cents ($129.50) from the Defendant's monthly retirement benefits, whatever the total amount is later determined to be. In order to facilitate the Plaintiff receiving the share of the defendant's monthly retirements benefits, the Court hereby orders the parties to keep their current addresses on file with the Montgomery County Bureau of Support. The Court further orders the Defendant to contact the Plaintiff when the payment of his retirement benefits commences.
 In August, 1995, Mr. Criswell went on permanent and total disability. He began receiving the sum of $933.23 per month as a disability benefit. Mr. Criswell was born some time in January, 1938.
In June, 1998 Ms. Criswell filed a motion for an order citing Mr. Criswell for contempt, upon the ground that he had failed to comply with the provision in the 1981 divorce decree requiring him to pay her a portion of his retirement benefits.
This motion was heard before a magistrate. Following the hearing, the magistrate entered an order finding Mr. Criswell to be in contempt, ordering him to prepare a qualified domestic relations order, ordering him to commence payments to Ms. Criswell in the amount of $129.50 per month, and ordering him to pay Ms. Criswell attorneys fees in the amount of $3,060, costs, and expenses in the amount of $513.16.Mr. Criswell filed objections to the magistrate's decision on July 21, 1999, and supplemental objections on September 9, 1999, after a transcript had been prepared. In his supplemental objections, Mr. Criswell specifically took exception to the characterization of his disability benefits as retirement benefits subject to the provision in the decree requiring him to pay Ms. Criswell a portion thereof.
The trial court overruled Mr. Criswell's objections to the order finding him in contempt, but did sustain his objections to the portion of the order concerned with attorneys fees, costs and expenses. The trial court reduced the amount of the attorneys fees award to $700, and reduced the award of costs and expenses to only those court costs indicated by the clerk of courts. From this order, Mr. Criswell appeals, and Ms. Criswell cross-appeals.
 II
Mr. Criswell's sole assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT APPELLANT HAD RETIRED IN 1995.
 Mr. Criswell contends that although General Motors refers to the benefits he is receiving as a form of "retirement" benefit, namely "total and permanent disability" retirement benefits, they are, in reality, disability benefits he is receiving in lieu of wages, as a result of his inability to work. Mr. Criswell cites Hoyt v. Hoyt (1990), 53 Ohio St.3d 177; Elsass v. Elsass (Dec. 29, 1993), Greene App. No. 93-CA-5, unreported; and Bauser v. Bauser
(1997), 118 Ohio App.3d 831, for the proposition that disability benefits are not marital property unless they are accepted by the retiree in lieu of retirement pay, in which case they are marital property to the extent that retirement pay value is included therein. In Bauser, supra, we held that the party claiming certain benefits to be marital property has the burden of proof on that issue.Ms. Criswell contends that the judgment and decree of divorce in this case precedes the authorities cited by Mr. Criswell, and that the provision in the decree of divorce upon which she relies makes no distinction between voluntary and old age retirement benefits, on the one hand, and disability retirement benefits, on the other hand.
We have reviewed the provision in the divorce decree, and we conclude that it does not contemplate that Ms. Criswell would be awarded a share of any disability benefits to which Mr. Criswell might subsequently become entitled. Our conclusion in this regard is not changed by the fact that General Motors chooses to refer to these disability benefits as "retirement benefits." However General Motors may choose to denominate them, they are clearly the payment of benefits in lieu of wages, as a consequence of Mr. Criswell's inability to continue in his job. Thus, they are distinct from voluntary, old age retirement benefits, which we are satisfied is what was meant by the phrase "retirement benefits" in the divorce decree.
Although Ms. Criswell is correct in asserting that the provisions of Ohio Revised Code 3105.171(A)(6)(a)(vi), the enactment of which postdated the divorce decree in this case, have no application, we conclude that these provisions merely codify the common law, as exemplified by the Hoyt, Elsass and Bauser
decisions. Under the authority of those decisions, disability benefits are not deemed to constitute marital property unless they are accepted by the retiree in lieu of retirement pay, in which case they are marital property to the extent that retirement pay value is included therein. On this issue, the burden of proof is upon the party contending that the benefits are marital property.Bauser v. Bauser, supra.
We have reviewed the evidence in the record, including the deposition testimony of Richard L. Brewer, General Motors' Director of Pension since 1964, and we conclude that Ms. Criswell did not satisfy her burden of proof on this issue. There is no evidence in the record that Mr. Criswell's receipt of voluntary, old age retirement benefits, when he reaches retirement age, will be diminished, or otherwise adversely affected, by his present receipt of disability benefits. Consequently, we find Mr. Criswell's sole assignment of error to be well-taken, and it is sustained.
 III
Ms. Criswell's assignments of error in support of her cross-appeal are as follows:
 THE COURT ABUSED ITS DISCRETION IN REDUCING THE ATTORNEY FEES RECOMMENDED BY THE MAGISTRATE TO BE PAID BY DEFENDANT-APPELLANT/CROSS-APPELLEE, AND SAID REDUCTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 THE COURT ABUSED ITS DISCRETION IN REDUCING THE COSTS RECOMMENDED BY THE MAGISTRATE TO BE PAID BY DEFENDANT-APPELLANT/CROSS-APPELLEE TO COURT COSTS ONLY, AND SAID REDUCTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 With respect to her First Assignment of Error, we note that although a trial court has the power to award attorneys fees to a party who successfully moves for contempt, the award of fees is confided to the discretion of the trial court. State ex rel. Fraternal Order of Police v. Dayton (1977), 49 Ohio St.2d 219. Based upon our review of the record, we find no abuse of discretion by the trial court in its decision to award only $700 as attorneys fees in this case. In any event, this assignment of error is now moot in view of our disposition of Mr. Criswell's appeal. Because we are reversing and vacating the judgment, Ms. Criswell is no longer the prevailing party, and is not, therefore, entitled to attorneys fees.
Similarly, the issue involving costs and expenses is moot. In this regard, we note that costs awardable pursuant to Civ.R. 54(D) include only those statutory fees to which officers, witnesses, jurors and others are entitled for their services, and not other out-of-pocket expenses that a party may find it necessary to incur during the course of litigation. State, exrel. Toth v. Industrial Commission of Ohio (1997),80 Ohio St.3d 360, at 363.
Both of Ms. Criswell's assignments of assignment are overruled as moot.
 IV
Mr. Criswell's assignment of error having been sustained, and Ms. Criswell's assignments of error having been overruled as moot, the judgment of the trial court is Reversed and Vacated.
GRADY, P.J., and WOLFF, J., concur.