OPINION
{¶ 1} Defendant-appellant, Robert R. Arkley, appeals from a Jefferson County Common Pleas Court decision finding that a large portion of his disability pension is a marital asset subject to equitable distribution with plaintiff-appellee, Edith E. Arkley.
 {¶ 2} The parties were married on March 15, 1976. On September 18, 2000, appellee filed a complaint for divorce. The court referred the case to a magistrate. The magistrate held a hearing regarding several contested issues in December 2000. The only issue relevant to this appeal is appellant's Police and Firemen's Disability and Pension Fund of Ohio (disability pension). Appellant is a retired firefighter from the Steubenville Fire Department. He retired with a disability pension in 1999, after 20 plus years of service, because he injured his lower back and shoulder.
 {¶ 3} The magistrate apparently believed she needed more information regarding the disability pension and held another hearing strictly on that issue on March 27, 2001, where a pension evaluator was the only witness. On November 20, 2001, the magistrate entered her findings and recommendations. She found that the present value of the disability pension was $251,768.23. She further found that this value represented the retirement component of the disability pension, thus making it a marital asset. She included this amount of the disability pension in her division of assets and stated that appellant should be awarded 55 percent ($139,745.01) of the disability pension and appellee should be awarded 45 percent ($112,023.23).
 {¶ 4} Appellant requested findings of fact and conclusions of law, which the magistrate filed on January 3, 2002. The magistrate found that appellant's sole source of income was the disability pension. She noted that the parties submitted an evaluation of the disability pension, which stated that $251,768.23 was the retirement component. She further noted that at the hearing, appellant testified that the evaluation was incorrect and that the disability pension was a wage continuation. The magistrate concluded that the disability pension was a martial asset and therefore recommended that appellee was entitled to 45 percent of it.
 {¶ 5} The court granted appellant an extension to file objections to the magistrate's decision. In his objections appellant argued that the magistrate should not have allowed appellee to introduce the testimony of David Kelley, the pension evaluator and that the magistrate's award of 45 percent of his disability pension was against the manifest weight of the evidence and contrary to law.
 {¶ 6} The trial court overruled appellant's objections. On February 19, 2003, the court entered its judgment and decree of divorce and divided the marital assets. It found that the marital component of appellant's disability pension was $251,768.23 and awarded appellee 50 percent, or $125,884.11. Appellant filed his timely notice of appeal on March 17, 2003.
 {¶ 7} Appellant raises a single assignment of error, which states:
 {¶ 8} "The trial court erred when it found the sum of $251,768.23 of Appellant's Police Fire Disability Pension Fund to be a retirement component of the pension and thus a marital asset subject to equitable distribution between the parties."
 {¶ 9} Appellant argues that the magistrate should not have allowed appellee to introduce Kelley's testimony at a second hearing. He points out that the burden of proof was on appellee to prove that she was entitled to part of his disability pension. Citing, Bauser v. Bauser
(1997), 118 Ohio App.3d 831. Appellant alleges that at the first hearing in December, appellee failed to meet her burden of proof because she introduced no evidence demonstrating why she was entitled to part of the disability pension. Therefore, appellant argues, the magistrate erred in holding another hearing, in effect giving appellee a second chance to meet her burden.
 {¶ 10} Alternatively, appellant argues that if we find a portion of the disability pension contains a retirement component subject to distribution, then we should find that the magistrate erred in using the arbitrary retirement age of 48.46 to compute the retirement component. Appellant also asserts that the magistrate was confused by the evaluation report as is evidenced by her request to the pension evaluator for clarification. He contends that if anything, the magistrate should have considered how much of the disability pension he acquired during the course of the marriage and should not have considered future valuations. Citing, Potter v. Potter (Nov. 14, 2001), 9th Dist No. 01CA0033; Smithv. Smith (1993), 91 Ohio App.3d 248.
 {¶ 11} When considering pension or retirement benefits, a trial court has broad discretion. Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 180. "When considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." Id. at paragraph one of the syllabus. Thus, we will not reverse the trial court's decision absent an abuse of discretion. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. If some competent, credible evidence supports the trial court's decision, there is no abuse of discretion. Middendorf v.Middendorf (1998), 82 Ohio St.3d 397, 401.
 {¶ 12} In a divorce action, the trial court must determine what property is marital and what property is separate. R.C. 3105.171(B). Upon making its determination, the court shall divide the marital property equitably between the spouses and disburse a spouse's separate property to that spouse. R.C. 3105.171(C)(D).
 {¶ 13} Generally, pension or retirement benefits earned during the course of a marriage are marital assets. Hoyt, 53 Ohio St.3d at 178. However, an exception exists for disability retirement pay. Id. at fn. 3.
 {¶ 14} "Separate property" includes "[c]ompensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets." R.C.3105.171(A)(6)(a)(vi). Disability benefits are a form of compensation for a spouse's personal injury. Bauser, 118 Ohio App.3d at 835. "[D]isability pension benefits are not marital property unless they are accepted in lieu of old-age retirement pay, in which event they are marital property to the extent that the retirement pay value is included in the disability pension benefit." Id.
 {¶ 15} In the present case, the trial court found the retirement component of appellant's disability pension was $251,768.23. It awarded appellee half of the disability pension, or $125,884.11. The court failed to give reasons supporting its decision. However, the magistrate, who also found that $251,768.23 was the retirement component of the disability pension, provided some reasons for this finding in her January 3, 2002 findings and recommendations. She found that the pension evaluation prepared by Kelley and his associate and submitted to the court as a joint exhibit, stated that the retirement component of appellant's disability pension was $251,768.23. She stated that appellant testified at the first hearing the evaluation was wrong and represented a wage continuation. The magistrate recognized that when a disability pension represents a wage continuation, it is considered separate property. But when the pension represents a retirement component, it is considered marital property. The magistrate reasoned that although appellant testified at the first hearing that his disability pension was a wage continuation, appellant also submitted the pension evaluation at the first hearing, which contradicted his testimony. Additionally, she noted that at the second hearing, upon examination, Kelley's evaluation remained unchanged and appellant offered no other evidence. Therefore, the magistrate determined $251,768.23 of the disability pension to be marital property.
 {¶ 16} While appellant is correct in stating that the burden was on appellee to demonstrate his disability pension was marital property, he is incorrect in asserting the magistrate abused her discretion in holding another hearing and listening to Kelley's testimony. Looking solely at appellant's testimony during the first hearing, it would appear that the disability pension was separate property. Appellant testified that there was no retirement component to his pension, it was strictly disability. (Dec.5, 2000 Tr. 53-54). He stated that he was receiving no money in lieu of old-age retirement. (Dec.5, 2000 Tr. 54). Appellant stated that none of his income from the pension was taxable, which is consistent with a disability pension. (Dec.5, 2000 Tr. 54). He further testified that all of the disability payment he was receiving was due to his injury and not to his prior service with the fire department. (Dec.5, 2000 Tr. 58). Finally, he testified that had he not been injured, he probably would have worked until age 65. (Dec.5, 2000 Tr. 60).
 {¶ 17} But appellant and appellee also submitted a joint pension evaluation by Kelley. (Dec.5, 2000 Tr. 79). The pension evaluation states that without a cost-of-living adjustment (COLA) the present value of the retirement component of the disability pension is $251,768.23. (Pension evaluation p. 1, 5). Appellant stated that he did not receive a COLA. (Dec.5, 2000 Tr. 59).
 {¶ 18} The magistrate acknowledged what the pension evaluation stated regarding the amount of the retirement component, but she stated that they were missing a lot of evidence. (Dec.5, 2000 Tr. 87). She stated there was no evidence as to the value of the disability component. (Dec.5, 2000 Tr. 86-87). Therefore, she allowed another hearing, at which Kelley testified regarding the pension evaluation.
 {¶ 19} We cannot say that the magistrate abused her discretion in holding another hearing and allowing the parties to examine Kelley regarding his evaluation. The magistrate was simply trying to ensure that she had all relevant information before her so that she could reach a fair and accurate decision. Furthermore, since the jointly submitted pension evaluation opined that $251,768.23 was the retirement component of the disability pension, appellee met her burden of demonstrating that at least some portion of the disability pension was a marital asset. Since the magistrate was unable to discern how much of the pension was marital property, she did not abuse her discretion in examining the issue further.
 {¶ 20} Appellant next argues that the magistrate erred in using the pension evaluation's arbitrary retirement age of 48.46 in determining the retirement component of his pension and that the court should have asked for a supplemental evaluation based upon the marital period taking into account both the disability and retirement components of the pension.
 {¶ 21} Kelley testified that in evaluating the pension, he made certain assumptions. (Mar. 27, 2001 Tr. 14). In this case, Kelley relied on his default position, which was that the disability pension transmutes into retirement pension at the age of retirement. (Mar. 27, 2001 Tr. 14). He stated that for this pension to transmute, the recipient had to reach 25 years from the date of full-time hire and reach age 48 because a member of the Police and Firemen's Pension Fund may retire at that time. (Mar. 27, 2001 Tr. 11, 14). For appellant, Kelley stated that he assumed the disability pension would transmute when appellant reached age 48.46, because that is when appellant would be eligible to retire. (Mar. 27, 2001 Tr. 14, 29).
 {¶ 22} When Kelley evaluated the pension, appellant was 45.24 years old. (Pension evaluation p. 10). Since appellant would not have been eligible to retire for 3.2 years, Kelley testified that he ignored those 3.2 years as being income replacement. (Mar. 27, 2001 Tr. 11). Kelley testified that appellant currently grossed $2,144.24 per month. (Mar. 27, 2001 Tr. 11). He stated that he then calculated the value starting at age 48.46 for a disabled male not receiving Social Security and got the non-COLA value of $251,768.23. (Mar. 27, 2001 Tr. 11-12).
 {¶ 23} Kelley also testified that he calculated what appellant would have received from Social Security, had he been covered. (Mar. 27, 2001 Tr. 15). He stated appellant's hypothetical Social Security would have a value of $22,505.75. (Mar. 27, 2001 Tr. 15). When asked how much of the disability pension should be subject to equitable distribution (i.e., marital property), Kelley stated that he does not like to answer this question but he would say that his evaluation reported that $251,768.23 is subject to equitable distribution and would then subtract the $22,505.75. (Mar. 27, 2001 Tr. 17).
 {¶ 24} Finally, Kelley testified on cross-examination that if he were to calculate the present value of appellant's pension using a retirement age of 62, instead of 48.46, it would lower the present value. (Mar. 27, 2001 Tr. 34).
 {¶ 25} Several courts have dealt with similar issues. For instance, in Henderhan v. Henderhan, 5th Dist. No. 2001CA00330, 2002-Ohio-2674, the trial court found that an entire lump sum settlement annuity received by the appellant in lieu of disability payments was marital property subject to equitable division. The appellant was 49 years old when he became disabled. The appellate court held that, "[t]o say the annuity is clearly a pension benefit is incorrect just as it is also incorrect to say it is clearly wages." Id. at ¶ 29. The court reasoned that the parties claimed the annuity appellant received in October 1999 as income on their tax return. It noted that the lump sum settlement was payment for wages earned during the marriage from October 1999 until October 2001 and whatever amount that was, was marital property. Id. The court further found that whatever value was determined for the appellant's life expectancy after he turned 62, was a pension and also marital property. Id. However, the court also found the annuity's value from October 2001 (when the parties divorced) to March 31, 2009 (appellant's 62nd birthday), was separate property. Id. But the manner in which the court determined that the appellant's retirement age was 62 is unclear.
 {¶ 26} In Motter v. Motter (July 27, 2000), 3d Dist. No. 16-99-14, the trial court concluded that until the appellant reached the age to be eligible for retirement, his disability benefits were wage replacement and therefore separate property. But once he reached the first retirement date specified in his retirement plan, the benefit was to be paid equally to the parties, as would any marital asset. The trial court took into consideration the appellant's admission that his retirement pay had been completely absorbed by his decision to take disability before becoming eligible for retirement. The appellate court found this decision was supported by sufficient evidence and not an abuse of discretion.
 {¶ 27} In another case from the Third District, the trial court found that the appellant's disability retirement benefits were not compensation for an injury and divided the gross amount between the parties. Kimmey v. Kimmey (Oct. 31, 2001), 3d Dist. No. 1-01-68. In reversing the trial court's decision, the appellate court noted that other than the loss of a "special retirement supplement," no evidence existed that the appellant's disability retirement was paid in lieu of old-age retirement benefits or that the amount to which the old-age retirement benefits he would otherwise be entitled to receive were diminished by the receipt of disability benefits. The court further reasoned, "where old-age retirement benefits are impacted by the disbursement of current disability benefits, disability benefits are marital property only to the extent that such retirement pay value is included in the disability pension benefit." The court explained that the trial court had been unable to divide the entirety of disability benefits without ascertaining the degree to which old-age retirement benefits had been affected.
 {¶ 28} Finally, in Okos v. Okos (2000), 137 Ohio App.3d 563, the Sixth District affirmed a trial court's designation of the appellee's disability retirement payments as separate property because the trial court had ample evidence before it to find that the payments were a wage continuation. The court reasoned that while the appellee had sufficient service years to qualify for regular retirement, his testimony showed that the reason for his retirement was a disability that rendered him unable to perform police work. Id. at 569.
 {¶ 29} The common theme throughout these cases is that if competent, credible evidence supports the trial court's decision, it will be upheld. And if not, the trial court's decision will be reversed.
 {¶ 30} In the present case, no evidence was presented as to what appellant's retirement benefits would have been had he not collected his disability pension. The pension evaluation calculated what appellant's disability pension was worth. It did not mention what his retirement would have been worth had appellant not collected a disability pension. If his retirement benefits would have been equal to or more than his disability pension, then the disability pension would be marital property subject to equitable division. If, however, appellant's retirement benefits would have been less than his disability pension, then the difference between the two would be separate property, while the remainder would be marital property. However, as stated above, no evidence can be found as to what appellant's retirement benefits would have been had he not collected his disability pension.
 {¶ 31} With that said, the trial court had insufficient evidence to hold that the entire $251,768.23 was marital property. Even when we look at Kelley's testimony, when asked how much of the disability pension should be subject to equitable distribution (i.e., marital property), Kelley stated that he does not like to answer this question but he would say that his evaluation reported that $251,768.23 is subject to equitable distribution and he would then subtract $22,505.75 (the amount of Social Security appellant would receive if he were covered). (Mar. 27, 2001 Tr. 17). Thus, even Kelley opined that some amount less than the $251,768.23 was subject to equitable division.
 {¶ 32} Hence, the trial court had insufficient evidence to determine that the $251,768.23 was marital property subject to equitable division. Accordingly, appellant's assignment of error has merit.
 {¶ 33} For the reasons stated above, the trial court's decision is hereby reversed and the cause is remanded for further proceedings in accordance to law and consistent with this opinion.
Waite, P.J., and Vukovich, J., concur.