JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Janice M. Abernathy, appeals from an order of the domestic relations court. She asserts that the court erred as a matter of law by determining that her police and fire disability pension was a marital asset. She further complains that defendant-appellee, Timothy C. Abernathy, committed economic waste by depleting his own retirement benefits prematurely, so it is inequitable for him to share in her disability pension. We find no error in the proceedings below and affirm the domestic relations court's judgment, but remand for the court to incorporate certain agreed valuations into its factual findings.
 {¶ 2} This matter was commenced with a complaint for divorce filed by appellant on October 14, 2005. To their credit, the parties resolved all but three issues by agreement. The issues remaining for trial were: whether appellant's disability pension benefits were a marital asset subject to division; whether her healthcare benefits were a marital asset subject to division; and the allocation of expert fees.
 {¶ 3} The domestic relations court magistrate heard testimony on November 3, 2006 and January 26, 2007, and issued her decision on September 5, 2007. The magistrate concluded that the disability payments appellant *Page 4 
received until she reached retirement age were in the nature of income replacement, but the sums she received after her earliest retirement date were received in lieu of retirement pay and were therefore "in the nature of property, and [appellee] is entitled to one half of the marital share of those payments." The magistrate concluded that the marital share could not be determined until appellant obtained a value for a hypothetical Social Security offset from the disability pension. She ordered appellant to obtain such a value. She concluded that, as of the stipulated date for the end of the marriage, February 20, 2007, appellant's "disability benefit shall be divided, and the gross amount less the [appellant's] hypothetical social security offset shall be paid to the [appellee]."
 {¶ 4} Both parties objected to the magistrate's decision. The court overruled their objections and concluded, among other things, that "the Ohio Police and Fire Pension Fund (OP F) disability pension earned through the [appellant's] employment shall be divided as follows: Beginning February 20, 2007, the [appellee] shall receive a percentage equal to one-half of the product of the gross amount less the [appellant's] hypothetical Social Security offset, divided by the gross amount."
 Law and Analysis {¶ 5} We note, first, that the domestic relations court's judgment is final and appealable even though the division of property orders ("DOPOs") and qualified domestic relations orders ("QDROs") implementing the judgment have *Page 5 
not been entered yet. Wilson v. Wilson, 116 Ohio St.3d 268,2007-Ohio-6056. The divorce decree divides the parties' property; the QDRO "is merely a tool used to execute the divorce decree." Id. at ¶ 19. Therefore, the court's order here was final and appealable.
 {¶ 6} We review the court's classification of property as marital or separate based on whether the determination is supported by the manifest weight of the evidence. Kevdzija v. Kevdzija, 166 Ohio App.3d 276,2006-Ohio-1723, ¶ 6. Disability pension benefits are not marital property unless they are taken in lieu of a service or retirement pension. See, e.g., Elsass v. Elsass (Dec. 29, 1993), Greene App. Nos. 93-CA-0005 and-0016. One of the important factors in determining whether a disability pension is "in lieu" of a retirement pension is whether the disability pension reduces any retirement benefits the pensioner will eventually receive. Elsass, supra; Bauser v. Bauser (1997),118 Ohio App.3d 831, 835.
 {¶ 7} Competent, credible evidence supported the trial court's decision that the portion of appellant's disability pension which she received after she reached retirement age was a marital asset. The evidence showed that appellant would continue to receive her disability pension for life, even after she qualified for a retirement pension. Her disability pension replaced her retirement pension as long as she qualified for the disability pension; she could not receive both. These facts stand in stark contrast to both Elsass and Bauser, in which *Page 6 
the disability benefits did not diminish the retirement benefits the pensioner would eventually receive.
 {¶ 8} Appellant here chose to receive the disability pension rather than her retirement pension. The magistrate determined (and the court agreed) that "it would be inequitable and illogical to have the non-participant's entitlement to a share of the participant's disability pension turn on the way the plan is structured." Therefore, competent, credible evidence supported the court's decision that the disability pension became marital property when appellant reached minimum retirement age and qualified for a retirement pension. The first assignment of error is overruled.
 {¶ 9} The court's entry in this case determined that appellant's disability pension would be divided as follows: "Beginning February 20, 2007, the [appellee] shall receive a percentage equal to one-half of the product of the gross amount less the [appellant's] hypothetical Social Security offset, divided by the gross amount." In formulaic terms, this equals: ((gross amount of pension - Social Security offset) ÷ gross amount of pension) x .5.
 {¶ 10} The court's order here does not value the disability pension or the appellant's hypothetical social security benefits as a participant in a state plan, so the percentage of the disability pension payable to appellee was not calculable from the terms of the judgment alone. Cf.Wilson, supra, at ¶ 19 ("the trial court should determine in the judgment of divorce the value of the pension and the *Page 7 
percentage to give to each spouse"). The magistrate's decision indicates that the parties stipulated that the disability pension was $46,852.44 annually, but it does not determine the present value of this pension. The magistrate also could not determine the hypothetical social security benefits valuation because there was no evidence before the court. However, the parties agreed that the present value of appellant's hypothetical social security old age benefit was $183,745.93, and the present value of her disability pension fund benefit was $738,203.22. Therefore, we remand with instructions for the trial court to incorporate these agreed valuations in its factual findings. This results in appellee being entitled to 37.5 percent of appellant's disability pension (((738,203.22 - 183,745.93) ÷ 738,203.22) x .5).
 {¶ 11} In her second assigned error, appellant contends that the court erred by awarding appellee a portion of her disability pension although appellee committed economic waste by retiring at the age of 46 and depleting his own pension benefits. Appellant did not specifically argue the issue of economic waste before the magistrate. Instead, she argued that it would be inequitable to allow appellee to share in her disability pension benefits after he used his own pension during years that he was capable of working.[1] Appellant raised the *Page 8 
economic waste argument for the first time in her objections to the magistrate's decision. Neither the magistrate nor the trial court expressly addressed the issue of waste.
 {¶ 12} Pursuant to Civ. R. 53(D)(4)(d), in ruling on objections to a magistrate's decision, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." This review necessarily encompasses issues actually presented to and decided by the magistrate. Where, as here, an objection raises an issue not presented to or decided by the magistrate, the objecting party is improperly asking the court to reach a different decision based on a new ground. The court does not have this authority under Civ. R. 53(D)(4). The trial court here could properly determine that appellant's objection failed to assert that the magistrate did not properly determine the factual issues or appropriately apply the law. Therefore, the court did not err by failing to find that appellee committed economic waste.
 {¶ 13} Affirmed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J. and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] We emphasize that economic waste is an issue distinct from the general equity argument appellant raised before the magistrate. R.C. 3105.171(E)(3) allows a court to adjust a distributive award of marital property in favor of a spouse who has been harmed by the financial misconduct of the other spouse. This implies wrongdoing, either to profit one party or to defeat the interests of the other. Mikhail v.Mikhail, Lucas App. No. L-03-1195, 2005-Ohio-322, ¶ 28-29. Appellant's original equity argument did not necessarily imply any kind of wrongdoing. *Page 1