[Cite as *Gallito v. Levinsky*, 2016-Ohio-889.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBYN R. GALLITO | ) | |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | CASE NO. 13 MA 143 |
| VS. | ) | |
| | ) | OPINION |
| NICK C. LEVINSKY | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common Pleas, Domestic Relations Division, Mahoning County, Ohio
Case No. 2006 DR 736

JUDGMENT:     Reversed and remanded.

APPEARANCES:
For Plaintiff-Appellant     Attorney William Biviano
108 Main Avenue, SW, Suite 700
Warren, Ohio 44481-1010

For Defendant-Appellee     Attorney Matthew Giannini
1040 South Commons Place, Suite 200
Youngstown, Ohio 44514

JUDGES:

Hon. Mary DeGenaro
Hon. Cynthia Rice
    Judge of the Eleventh District
    Court of Appeals,
    Sitting by assignment.
Hon. Timothy Cannon
    Judge of the Eleventh District
    Court of Appeals,
    Sitting by assignment.

Dated: March 4, 2016

DeGENARO, J.

{¶1} Plaintiff-Appellant Robyn Gallito appeals the judgment of the Mahoning County Court of Common Pleas Domestic Relations Division denying her request to issue her proposed Division of Property Order, and limiting such order to the marital portion of Defendant-Appellee Nick Levinsky's OPERS age and service retirement benefits  The trial court failed to address the issue of whether or not Husband was receiving a disability retirement in lieu of age and service retirement, and failing to determine the value of the marital portion of Husband's age and service benefits. Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings.

{¶2} In 2006, Wife filed a complaint for divorce without children from Husband, which was heard on June 28, 2007 by Visiting Judge Hayes.  On the date of the final hearing, Husband was receiving disability benefits as he had left his employment with the police department.  Due to the parties' delay and the failure by counsel for Wife to submit a compliant Division of Property Order (DOPO) relative to husband's retirement benefits, the final decree of divorce was not filed until November 19, 2007.  The trial court found in pertinent part:

> 6. **The marital portion of Husband's OPERS retirement shall be awarded to Wife by DOPO** (Husband may have the option to obtain a current value and pay a lump sum to Wife).
> ***
>
> 19.  Mortgage payments to be paid by Husband during the pendency of this action as Temporary Orders *** plus utilities *** for a total arrearage of $4,017.  Husband shall be responsible for one half or $2,008. These monies shall be considered to be support of the Wife (spousal support) during the pendenecy [sic] of this action and Husband shall pay said arrearage at the rate of $500 a month until paid.  **Said funds may be taken from Husband's disability account by DOPO.** Husband shall have the option of paying the arrearage in a lump sum.
>
> **Counsel for Wife shall prepare any documents necessary to**

**comply with this Order.** (emphasis added)

**{¶3}** Neither party appealed the original decree.

**{¶4}** Wife's counsel prepared and submitted a DOPO to Husband's attorney, and Wife contends Husband repeatedly refused to sign it. The DOPO submitted by wife sought payments to her as the Alternate Payee from Husband's plan from two distinct benefits: the age and service retirement benefit, and the disability monthly benefit. This was the basis for Husband's refusal to sign.  Husband took the position that his disability benefits were separate property, and that Wife was only entitled to the marital portion of his age and service benefits, which he was not receiving yet.

**{¶5}** Almost five years after the divorce decree was filed Wife filed a motion to enforce, seeking the court to compel husband to execute the DOPO described above, which was attached to the motion. Husband filed a motion to dismiss arguing the proposed DOPO contained language that would wrongly attach his disability income, contending disability income is not a marital asset subject to division.

**{¶6}** On January 29, 2013 a non-sequential two-day hearing on all pending post-decree motions began before a new visiting jurist, Judge Giulitto.  Although Wife presented an expert witness, husband did not call his own expert.  During the first day of the hearing the trial court learned that Husband had refused to authorize OPERS to release information to enable an evaluation of his retirement benefits in order to prepare a DOPO.  The trial court ordered Husband to execute an authorization for Wife's expert so he could obtain the necessary information; thus the hearing was continued.

**{¶7}** During the two day hearing, Brian Hogan of QDRO Consultants testified on behalf of Wife regarding Husband's OPERS benefits, the method of determining the age and service portion, and the protocol for dividing benefits.  Hogan's testimony was mostly consistent over the two days.  However, his testimony differed slightly with respect to the exact number of Husband's years of service and the number of years that was the marital portion of the age and service pension.

**{¶8}** Before he received the information from PERS, Hogan testified that,

based upon information he had received from Wife's counsel, Husband had 29.666 years of service and the marital portion was 6.666 years. After he received the information from PERS, Hogan stated Husband accumulated 29.749 years of service, of which 6.612 years was the marital portion. Thus, the marital portion translated to 22.4702% of the total years of service. He then opined as to the present value of Husband's age and service pension and calculated the marital portion to be $267,386.70.

{¶9} Hogan consistently testified that based upon the date Husband began his employment with the police department he was covered by a disability plan which provided that if an individual left employment on a disability, they had the option to continue to receive a disability pension even after they reached the qualifying age to receive an age and service pension. Subsequent to Husband's hire date, employees who originally took a disability pension would have to switch over to an age and service pension once they reached the qualifying age. This difference matters as Hogan testified the disability pension typically paid more per month than the age and service pension, as the former was considered to be income replacement. Husband was 51 years old at the time he started receiving a monthly disability benefit.

{¶10} Applying these principles to Husband, Hogan further testified that Husband was 51 years old when he began receiving disability benefits, which he could continue to collect for the rest of his life; he did not have to convert to an age and service pension. However, were he to do so, Husband was eligible when he turned 52 because he had over 25 years of service.

{¶11} Husband turned 52 in March, 2008, approximately four months after the divorce decree was issued.

{¶12} Hogan also opined that Husband was receiving a disability pension in lieu of an age and service pension. He also testified that in calculating the present value of the marital portion of Husband's age and service pension, he did not factor in or offset any social security benefits Wife may be eligible for in her own right; and indicated that he had not been asked to do so.

{¶13} Counsel for Husband did not challenge Hogan's testimony beyond clarifying that there is a distinction between a disability pension and an age and service pension. Notably, he did not challenge Hogan's opinion that Husband was receiving a disability pension in lieu of an age and service pension.

{¶14} On August 16, 2013, the trial court affirmed the award to Wife of the marital portion of husband's OPERS benefits; specifically his age and service retirement benefits. However, Judge Giulitto declined to award any portion of husband's disability benefits to her. After making exhaustive findings from his review of the transcript of the final divorce decree, Judge Giulitto first noted:

> With full knowledge that [Husband] was receiving disability benefits and also had OPERS retirement, Judge Hayes stated on Page 6 of his Decree ("the marital portion of Husband's OPERS retirement shall be awarded to Wife by DOPO (Husband may have the option to obtain a current value and pay a lump sum to Wife).") If Judge Hayes intended to award [Wife] any portion of [Husband's] disability benefits, he clearly had the opportunity to do so.

{¶15} Judge Giulitto further found "confirmation that Judge Hayes did not intend for [Wife] to receive a portion of [Husband's] disability benefits" by referring to the language contained in paragraph 19 of the divorce decree, quoted above:

> Clearly, the language on Page 3, Paragraph 6, and Page 6, Paragraph 19 clearly reflect the fact that Judge Hayes was aware that [Husband] did have OPERS retirement benefits and also disability benefits. This Judge cannot speculate Judge Hayes' intent when he issued the language in Paragraph 6 on Page 3 of the Decree. The undersigned Judge is bound by the language of the Decree. Judge Hayes stated that he was awarding to the [Wife] the marital portion of [Husband's] PERS retirement by DOPO. With full knowledge that [Husband] had accumulated retirement benefits under PERS and at the time

of the divorce was receiving disability benefits because he was unable to be gainfully employed, Judge Hayes awarded [Wife] PERS retirement only. To reach any other conclusion would constitute an expansion of language and meaning of Judge Hayes' decree.

Perhaps parties should have exercised due diligence in presenting all the values of all of their benefits in a timely fashion. After waiting five months to receive that information without success Judge Hayes issued his decision without the benefit of the long awaited evaluations. Parties also failed to exercise due diligence in filing a motion asking Judge Hayes to clarify the meaning of the language of his decree regarding what he meant by "retirement." After more than five years from the date of the Decree, this Court cannot speculate what Judge Hayes would have done, whether or not he would have offset any of the Social Security benefits or any of the OPERS benefits that [Wife] had against [Husband's] OPERS. The undersigned Judge must rely on the language of the Divorce Decree with the full understanding and knowledge that when Judge Hayes issued the Divorce Decree, he was fully aware of Husband's OPERS retirement as well as his OPERS disability benefits, and with that knowledge he awarded [Wife] only the marital portion of [Husband's] OPERS retirement and nothing else.

{¶16} Based upon this reasoning Judge Giulitto found that pursuant to the 2007 divorce decree Wife was awarded the marital portion of Husband's OPERS age and service retirement. However, the trial court failed to make a finding with respect to the value of the marital portion of Husband's age and service pension and address the issue of whether or not Husband was receiving disability retirement in lieu of age and service retirement.

{¶17} In her sole assignment of error, wife asserts:

The trial court abused its discretion in failing to issue the Division of Property Order pursuant to the prior court order issue by Judge

Hayes on November 19, 2007 even though Judge Giulitto affirmed the award of the division of the OPERS benefits in his August 16, 2013 Judgment Entry, and by ignoring the uncontroverted expert testimony that proved the extent of the division of Appellee's OPERS benefits and the method for properly making that division.

**{¶18}** Regarding the standard of appellate review

Pursuant to R.C. 3105.171(I), a trial court's property division is not subject to future modification. Nonetheless, it is subject to enforcement. Hence, a party can file a motion to enforce and/or clarify a prior property division or a motion to adopt a QDRO in accordance with the prior divorce decree. In enforcing a prior distribution of property, the plain language of the prior order is a question of law which is reviewed de novo. However, if the prior order is ambiguous, then the trial court must hear the matter, clarify the situation, and resolve the dispute through interpretation.

*Makar v. Makar,* 7th Dist. No. 02CA37, 2003-Ohio-1071, at ¶12,

**{¶19}** "The general rule is that pension or retirement benefits earned during the course of a marriage are marital assets and a factor to be considered not only in the division of property, but also in relationship to an award of alimony." *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 178-179, 559 N.E.2d 1292 (1990). It does not, however, include any "separate property," which includes "[c]ompensation to a spouse for the spouse's personal injury." R.C. 3105.171(A)(3)(b) and (6)(a)(vi). Disability benefits constitute compensation received for personal injury. *Bakle v. Bakle,* 2d Dist. No. 2009 CA 9, 2009-Ohio-6003, ¶13. They are not considered to be marital property unless "they are accepted in lieu of old-age pay, in which event they are marital property to the extent that the retirement pay value is included in the disability pension benefit." *Arkley v. Arkley*, 7th Dist. No. 03 JE 10, 2003-Ohio-7021, ¶14,

citing *Bauser v. Bauser,* 118 Ohio App.3d 831, 835, 694 N.E.2d 136 (2d. Dist.1997).

**{¶20}** Judge Giulitto did not err in refusing to award Wife Husband's disability benefits based on the language of the 2007 divorce decree. However, the trial court did err by failing to determine what portion of Husband's monthly retirement benefit was the age and service component, of which Wife was originally awarded the entire marital portion, calculated to be 6.6 years.

**{¶21}** The uncontroverted testimony of Hogan was that Husband's pension had an age and service component to it, even though he took a disability retirement before the age he was eligible to take an age and service retirement. It is also uncontroverted that Husband, who has since met the eligibility requirements to begin receiving an age and service pension, nonetheless does not have to make that election and may remain on a disability pension.

**{¶22}** Most importantly, it was Hogan's uncontroverted testimony that Husband was receiving a disability retirement in lieu of an age and service retirement. Pursuant to our holding in *Arkley,* the trial court must assess how much of Husband's monthly benefit constitutes the age and service component, as that is a marital asset, which here was awarded to Wife. Only the disability component is his separate property. Because the trial court did not make this determination, we must refrain from doing so, as the trial court must resolve this issue in the first instance.

**{¶23}** The trial court erred by failing to determine when Husband began receiving a disability pension in lieu of an age and service pension, and further erred by failing to determine the value of the age and service component, and specifically the marital portion. Thus, Wife's sole assignment of error is meritorious.

**{¶24}** Accordingly, the judgment of the trial court is reversed and the case remanded for further proceedings. Specifically, the trial court must determine when Husband began receiving a disability retirement in lieu of an age and service retirement; what portion of his disability pension represents the age and service component; what is the value of the marital portion of the age and service component; and then issue a DOPO to that effect—including addressing any

arrearage—and order Husband to sign it, to give effect to the original divorce decree.

Rice, J., of the 11th Appellate District, sitting by assignment, concurs.

Cannon, J., of the 11th Appellate District, sitting by assignment, concurs.