HARTZELL, Appellant,

v.

HARTZELL, Appellee.

[Cite as *Hartzell v. Hartzell* (1993), 90 Ohio App.3d 385.]

Court of Appeals of Ohio,
Darke County.

No. 1319.

Decided Sept. 22, 1993.

*Randall E. Breaden,* for appellant.

*Allyn S. Wagner,* for appellee.

BROGAN, Judge.

James R. and Ruth M. Hartzell were divorced in the Darke County Common Pleas Court on December 4, 1992. In the final decree the trial court awarded defendant-appellee, Ruth M. Hartzell, a "one-half interest in any workers' compensation benefits for any period which occurred during the marriage."

In his single assignment of error, plaintiff-appellant, James R. Hartzell, contends that the trial court erred and abused its discretion by awarding one half of his workers' compensation benefits to his former spouse. He contends that workers' compensation benefits are separate property and thus are not subject to division in a divorce proceeding. See R.C. 3105.171(A)(3)(b).

Marital property does not include compensation to a spouse for a personal injury, *except* for loss of marital earnings and compensation for expenses paid from marital assets. R.C. 3105.171(A)(6)(a)(vi).

In *Bartram v. Bartram* (Oct. 2, 1991), Medina App. No. 2001, unreported, 1991 WL 199907, the Medina County Court of Appeals held that workers' compensation benefits are paid in lieu of common-law damages, and, therefore, satisfy the definition of "compensation" found in R.C. 3105.171(A)(6)(a)(vi).

In *Hammaker v. Hammaker* (Mar. 8, 1990), Darke App. No. 1254, unreported, 1990 WL 26073, we held that monies received by an individual after the

termination of marriage in the form of workers' compensation benefits are not marital property because they do not constitute property acquired in the course of the marriage.

Neither appellate decision adequately addressed when a court may consider workers' compensation benefits as marital property. The fact that a claimant will not actually receive his benefits until after a divorce is not critical in determining whether the benefits are divisible. If the claimant was injured during the marriage and became entitled to benefits, those benefits which compensate for the loss of earnings *during* the marriage are marital property and are subject to division. Workers' compensation benefits which compensate for expenses paid from marital assets are also divisible upon divorce. Workers' compensation benefits which compensate for the loss of a body part or for the loss of the worker's future earning capacity are not marital property and are not divisible upon the worker's divorce.

The appellant's assignment of error is sustained.

Pursuant to App.R. 12(C), the final judgment of divorce is amended to read: "the defendant is awarded one half of that portion of any workers' compensation award made to the plaintiff which is attributable to his loss of earnings during the marriage or for expenses paid from marital assets." The remainder of any workers' compensation award shall be the sole property of the plaintiff-appellant, James R. Hartzell. In all other respects the judgment of the trial court is affirmed.

*Judgment accordingly.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.