OPINION
{¶ 1} Appellant, Gary Scott Easton, appeals the March 7, 2003 judgment entry of the Geauga County Court of Common Pleas, in which the trial court granted appellant and appellee, Michele Easton, a divorce and made certain orders as to child support, division of marital property, and shared parenting.
 {¶ 2} Appellant and appellee were married on June 23, 1995. One child was born as issue of the marriage: Alexandra Rose Easton, whose date of birth is June 3, 1996. Appellee filed for divorce on November 17, 2000. Appellee also filed motions for temporary custody, temporary child support and temporary spousal support. Appellant filed an answer and counterclaim to the divorce complaint on December 11, 2000. In a decision dated December 27, 2000, the magistrate recommended that appellee be awarded temporary custody of the child and that appellant pay appellee child support in the amount of $441.35 per month. Appellant filed objections to that decision, but on January 22, 2001, the trial court overruled them and adopted the magistrate's decision.
 {¶ 3} A hearing was held before the magistrate on October 25, 2002. The facts pertinent to this appeal revealed that appellee was employed as an administrative assistant for Anheuser-Busch at the Six Flags Worlds of Adventure. She was paid an hourly rate of $17.48 and worked forty hours per week. She also had accrued overtime. Her gross annual income for child support purposes was determined to be $41,677.40.
 {¶ 4} Appellant worked as a "rigger-foreman-driver" earning $22.81 per hour. However, he was injured during the course of his employment on July 16, 1998. Appellant applied for workers' compensation benefits. He received workers' compensation benefits in the amount of $473.94 per week from July 16, 1998, through April 25, 2002.
 {¶ 5} On April 25, 2002, appellant's temporary total compensation benefits were terminated because he had reached maximum medical improvement. This occurred before the parties' divorce became final. However, appellant was entitled to file an application for a determination of the percentage of his permanent partial disability. If any compensation accrued, it would be payable to appellant and be retroactive to April 25, 2002, the date of the last payment.
 {¶ 6} Both appellant and appellee testified as to what their monthly expenses were and where they were residing. Appellant lived with his parents and had no debt at the time of the hearing because he had filed for bankruptcy around December 31, 2001. There was no evidence that appellant was incapable of some type of employment. Appellant further believed that any settlement from the Bureau of Workers' Compensation was separate property. However, appellee alleged that the entire claim related to lost time and lost wages which were marital property and subject to division.
 {¶ 7} In a decision dated January 9, 2003, the magistrate determined that there was a change of circumstances that warranted an upward deviation of appellant's temporary child support obligation since appellant shared living expenses with his parents and had no debt. The magistrate further suggested that "any future worker's compensation award to [appellant] which is attributable to his loss of earnings during the marriage or for expenses paid from the marital assets is marital property. The remainder of any compensation award is [appellant's] separate property * * *." Appellant filed objections to the magistrate's decision. In a judgment entry dated March 7, 2003, the trial court overruled appellant's objections and adopted the magistrate's decision and granted appellant and appellee a divorce. Appellant timely filed the instant appeal and now assigns a single assignment of error:
 {¶ 8} "The trial court erred by awarding one-half (1/2) of [appellant's] future workers' compensation award to [appellee]."
 {¶ 9} Under his sole assignment of error, appellant posits that the trial court erred in granting one-half of appellant's future workers' compensation award to appellee.
 {¶ 10} A court of common pleas has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. R.C. 3105.011. In exercising those full equitable powers and jurisdiction in a divorce action, the court may order a division of marital property. Griste v. Griste
(1960), 171 Ohio St. 160, paragraph two of the syllabus; Clarkv. Clark (1956), 165 Ohio St. 457. The term "marital property" encompasses only that property or interests in property acquired up to the point of the termination of marriage and does not include property or values acquired thereafter. R.C.3105.171(3)(a).
 {¶ 11} A trial court has broad discretion in dividing marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609. Absent an abuse of discretion, the trial court's decision will not be disturbed on appeal. Id. An abuse of discretion connotes more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} The purpose, in part, of Ohio workers' compensation system is to provide a means to compensate employees for a loss in earning potential due to an injury sustained in the course of employment. Village v. Gen. Motors Corp., G.M.A.D. (1984),15 Ohio St.3d 129, 131. Hence, any such benefits received from the system are personal and are intended to compensate for future losses or detriment by reason of injuries suffered in the course of employment.
 {¶ 13} In Bartram v. Bartram (Oct. 2, 1991), 9th Dist. No. 2001, 1991 WL 199907, at 2, the Ninth Appellate District held that workers' compensation benefits are paid in lieu of common law damages, and therefore, satisfy the definition of "compensation" found in R.C. 3105.171(A)(b)(a)(vi).
 {¶ 14} In his brief, appellant relies on Hammaker v.Hammaker (Feb. 13, 1990), 2d Dist. No. 1254, 1990 Ohio App. LEXIS 883. In Hammaker, the Second Appellate District stated that: "[f]or that reason, any monies received by an individual after the termination of marriage in the form of workers' compensation benefits are not marital property because they do not constitute property acquired in the course of the marriage, which no longer exists. The court need not, therefore, consider workers' compensation benefits to be received in future years as marital property subject to division between the parties." Id. at 6.
 {¶ 15} However, in a later decision, the Second Appellate District explained that: "[t]he fact that a claimant will not actually receive his benefits until after a divorce is not critical in determining whether the benefits are divisible. If the claimant was injured during the marriage and became entitled to benefits, those benefits which compensate for the loss of earnings during the marriage are marital property and are subject to division. Workers' compensation benefits which compensate for expenses paid from marital assets are also divisible upon divorce. Workers' compensation benefits which compensate for the loss of a body part or for the loss of the worker's future earning capacity are not marital property and are not divisible upon the worker's divorce." Hartzell v. Hartzell (1993),90 Ohio App.3d 385, 387. See, also, Kelly v. Kelly (Mar. 24, 1995), 11th Dist. No. 93-A-1834, 1995 Ohio App. LEXIS 1097, at 10.
 {¶ 16} Pursuant to the foregoing authority, it is our position that the trial court did not err in awarding appellee one-half of appellant's future workers' compensation award, which applied to benefits to compensate for loss of earnings accrued during the marital period. The evidence at the hearing showed that there was a substantial loss to the family income during the marriage. Thus, the benefits were compensation for expenses paid from marital assets. There was no support that appellant's workers' compensation claim was solely for his personal injuries. Nor, was there any proof presented that the benefits were intended to compensate for the future earnings of appellant. Therefore, we conclude that the trial court did not abuse its discretion.
 {¶ 17} In adopting the Hartzell rationale, we are limited to the concept that any prospective order that reimburses appellant for lost wages during the period of the marriage is subject to division, but the award has no application to any prospective post-decree order that postdates the marital period. Furthermore, we note that the facts of this case resulted in the property division being split equally; thus, there was an equivalent split of appellant's future workers' compensation award applicable to the period of the coveture. However, even though the award here was subject to equal division, the amount of the property division in other cases depends largely on the facts of each underlying case.
 {¶ 18} For the foregoing reasons, appellant's lone assignment of error is not well taken. The judgment of the Geauga County Court of Common Pleas is affirmed.
Judgment affirmed.
Christley and O'Neill, JJ., concur.