[Cite as *Mayer v. Mayer*, 2011-Ohio-1884.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| IMOGENE MAYER | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00277 |
| GARY A. MAYER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Civil appeal from the Stark County Court of
Common Pleas, Domestic Relations
Division, Case No. 2009-DR-00728

JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT ENTRY: April 18, 2011

APPEARANCES:

For Plaintiff-Appellee

BEVERLEY PROCTOR-DONALD
401 Tuscarawas St. W.
Suite 500
Canton, OH 44702

For Defendant-Appellant

CHARLES W. FONDA
75 Public Square
Suite 650
Cleveland, OH 44113

RAVI SURI
850 Euclid Ave., Ste. 804
Cleveland, OH 44114

MICHAEL A. THAL
1785 East 47th Street
Cleveland, OH 44103

*Gwin, P.J.*

{¶1} Defendant-appellant Gary A. Mayer appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which found his Workers' Compensation settlement was marital property subject to division in the divorce between appellant and plaintiff-appellee Imogene Mayer. Appellant assigns two errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN FINDING THAT GARY MAYER'S SETTLEMENT AWARD WAS MARITAL PROPERTY BECAUSE ALL OF THE EVIDENCE AT TRIAL SHOWED THAT THE AWARD WAS TO COMPENSATE HIM FOR HIS FUTURE PERSONAL MEDICAL EXPENSES.

{¶3} "II. THE TRIAL COURT ERRED IN REFUSING TO ALLOW FURTHER EVIDENCE OF THE NON-MARITAL NATURE OF THE SETTLEMENT AS PART OF THE OBJECTION TO THE MAGISTRATE'S DECISION BECAUSE THE LACK OF DISPUTE OVER THE NATURE OF THE SETTLEMENT WOULD HAVE MADE IT UNNECESSARY AND WASTEFUL TO PRESENT THE EVIDENCE AT TRIAL."

{¶4} The issue in this case is which party bears the burden of proving a Workers' Compensation award is separate property in a divorce. The trial court found appellant had to demonstrate his settlement award was not marital property; we disagree for reasons that follow.

{¶5} The record indicates appellant was injured in 1999, eleven years before the divorce was final. On August 15, 2008, appellant reached a settlement and received $55,000. After payment of expenses and attorney fees, appellant received two checks totaling $43,789.71. The court found this was the only significant asset in the

divorce case. The magistrate who heard the case found appellant received the settlement checks after the parties had separated, but before the divorce was final. Appellant's counsel in the Workers' Compensation case had advised him to deposit the settlement proceeds into an account for use for his future medical expenses, but the magistrate found appellant felt he could use the funds however he wished. Appellant gave $26,000 from the settlement to his adult son to assist him in paying legal fees in an unrelated case. Appellant testified only $13,000 of the settlement remained at the time of the divorce.

I.

{¶6} In his first assignment of error, appellant argues the trial court erred in finding the Workers' Compensation award was marital property.

{¶7} R.C. 3105.171 provides property is not marital if it is, inter alia, compensation to a spouse for the spouse's personal injury, except that compensation for loss of marital earnings and compensation for expenses paid for marital assets should be considered marital property. R.C. 3105.171 (A)(6)(a)(vi).

{¶8} Case law provides if the settlement contains an award for the uninjured spouse's lost consortium, then the lost consortium amount is the separate property of the uninjured spouse. See, e.g. *Lust v. Lust,* Wyandot Co. App. No. 16-02-04, 2002 - Ohio- 3629. Where a spouse suffers a compensable injury during the marriage, the portion of Workers' Compensation benefits which compensate for loss of earnings during the marriage and for expenses paid from marital assets are marital property subject to division upon divorce, but those benefits which compensate for loss of a body

part or loss of the spouse's future earning capacity are not marital property. *Hartzel v. Hartzel* (1993), 90 Ohio App. 3d 385 629 N.E.2d 491.

{¶9} The trial court found property received during the marriage is presumed to be a marital asset, and the party seeking to characterize the property as separate bears the burden to rebut the presumption. *Banez v. Banez,* Stark App. No. 2006CA00216, 2007-Ohio-4584. The court found appellant had not met his burden of proving the Workers' Compensation award was his separate property, and proceeded to divide the entire award between the parties.

{¶10} We find there is no presumption that this award was a marital asset; but rather the statute clearly characterizes it as non-marital. In *Bauser v. Bauser* (1997),118 Ohio App. 3d 831, 694 N.E. 2d 136, the Court of Appeals for Clarke County found a party's failure to demonstrate disability benefits are marital property results in a finding the benefits are separate property. The starting point is to presume the benefits are separate pursuant to the statute, and then it is the burden of the party seeking to establish the property is marital to rebut the statutory presumption. Here, we start with the proposition the Workers' Compensation award is appellant's separate property, and if appellee claims some or all the award is marital property she must produce evidence to that effect. See also *Lust,* supra at paragraph 19. (If the record does not demonstrate any portion of a medical malpractice settlement is for lost consortium, then a court does not err in finding the entire settlement is the separate property of the injured spouse.)

{¶11} The court found "based on the evidence before the magistrate at the time of trial, it was not clear whether or not any of the award was for loss of marital earnings or compensation for expenses paid for marital assets. Certainly there were medical

expenses paid for marital assets during the period from the injury in 1999 to the divorce in 2010 and the marital estate was entitled to reimbursement for those." Judgment Entry of August 11, 2010 at page 4.

{¶12} We find the trial court erred in characterizing the Workers' Compensation award as marital property. Because there was no evidence before the magistrate at the time of trial to indicate how much, if any, of the award was for lost earnings during the marriage, or compensation for expenses paid by marital funds, the presumption it was separate property prevails and the court should have treated the entire award as appellant's separate property.

{¶13} The first assignment of error is sustained.

II.

{¶14} In his second assignment of error, appellant argues the trial court erred in refusing to allow further evidence the settlement was his separate property.

{¶15} The trial court cited Civ. R. 53 (D), which provides a party who objects to a magistrate's decision may present additional evidence if the court finds the objecting party has demonstrated that he or she could not with reasonable diligence have produced the evidence for consideration by the magistrate. The court found appellant had failed to demonstrate he had been unable to produce the details of the Workers' Compensation award at the trial before the magistrate.

{¶16} Because we find appellant did not have the burden of producing evidence the settlement was his separate property, we find this assignment of error is moot.

**{¶17}** For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

WSG:clw 0404

[Cite as *Mayer v. Mayer*, 2011-Ohio-1884.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IMOGENE MAYER | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| GARY A. MAYER | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-00277 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division of Stark County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY