[Cite as *Mayer v. Mayer*, 2012-Ohio-4924.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| IMOGENE MAYER | : | William B. Hoffman, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2012 CA 00038 |
|  | : |  |
|  | : |  |
| GARY MAYER | : | O P I N I O N |

Defendant-Appellant



| CHARACTER OF PROCEEDING: | Civil Appeal from Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2009 CR 00728 |
|---|---|
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 22, 2012 |
| APPEARANCES: |  |

For Plaintiff-Appellee

BEVERLEY PROCTOR-DONALD
ESQ.
401 Tuscarawas Street, West
Suite 500
Canton, Ohio  44702

For Defendant-Appellant

CHARLES W. FONDA, ESQ.
75 Public Square – Suite 650
Cleveland, Ohio  44113

RAVI SURI, ESQ.
850 Euclid Ave., Suite 804
Cleveland, Ohio  44114

*Edwards, J.*

{¶1} Appellant, Gary Mayer, appeals a judgment of the Stark County Common Pleas Court, Domestic Relations Division, modifying spousal support. Appellee is Imogene Mayer.

STATEMENT OF FACTS AND CASE

{¶2} The parties were married in 1989. They separated in 2008, and were granted a divorce in 2010. In the 2010 divorce judgment, the court awarded appellee spousal support in the amount of $200.00 per month and half of a $43,178.71 workers' compensation settlement which the court found to be marital property. Appellant appealed. This Court reversed, finding the workers' compensation settlement to be appellant's separate property and remanded the case for further proceedings. *Mayer v. Mayer*, 5th Dist. 2010–CA–00277, 2011-Ohio-1884.

{¶3} On remand, the case proceeded to a hearing before a magistrate on the issue of modification of spousal support. The magistrate found that appellant's monthly income is $2,243.68, while appellee's net income is $985.90, a reduction of about $700.00 per month in appellee's income due to her inability to work because of health problems. The magistrate found that appellee had reduced her expenses as much as possible; however, her current monthly expenses allow no room for error or emergency. Due to the disparity in income, the magistrate recommended modifying spousal support to $450.00.

{¶4} Appellant filed an objection to the magistrate's report, arguing that the amount of spousal support was against the weight of the evidence and an abuse of discretion. He did not file a transcript of the hearing before the magistrate but attached

his own affidavit to the objections, stating that the amount is unduly burdensome and would create a hardship for him.

{¶5} The trial court noted that no transcript was prepared so the court was unable to review the actual testimony. The court reviewed the magistrate's findings and decision and adopted the decision of the magistrate. Appellant assigns two errors:

{¶6} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN MORE THAN DOUBLING WIFE'S SUPPORT TO $450/MONTH BECAUSE THAT AMOUNT WOULD INEQUITABLY LEAVE HUSBAND UNABLE TO MEET HIS NECESSARY MONTHLY EXPENSES, WHILE WIFE WOULD HAVE A SIGNIFICANT MONTHLY SURPLUS.

{¶7} "II. THE TRIAL COURT ERRED IN FAILING TO SPECIFICALLY RULE ON HUSBAND'S OBJECTIONS BECAUSE CIV. R. 53(b) REQUIRES A RULING ON OBJECTIONS PRIOR TO ADOPTING A MAGISTRATE'S DECISION."

I

{¶8} In his first assignment of error, appellant argues that the court erred in increasing appellee's spousal support to $450 per month because that amount leaves him unable to meet his expenses and leaves appellee with a surplus. He further argues that the court erred in increasing support based on the finding that the workers' compensation award is separate property because he needs that money for future medical expenses.

{¶9} Appellant did not file a transcript of the proceedings with the trial court for ruling on his objections as required by Civ. R. 53(D)(3)(b)(iii). Appellant also has not filed a transcript with this Court. Our review of the trial court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's report when the

party objecting to a magistrate's report fails to provide a transcript. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). In order to find an abuse of discretion, we must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably and there was not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983). When the objecting party fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. *Doane v. Doane*, 5th Dist. App. No. 00CA21, 2001 WL 474267 (May 2, 2001). Accordingly, we review this matter only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. *Sochor v. Smith*, 5th Dist. No. 00CA00001 (June 28, 2000).

**{¶10}** We do not find that the court abused its discretion in modifying support based on the facts as set forth in the magistrate's decision. The magistrate found that appellant's expenses included $2,415.50 exclusive of spousal support, but she also noted that his rent is on the high end and appellee has made a "superb effort" to lower her expenses. It appears from the magistrate's findings that both parties are living on an amount of money that leaves little room for luxuries or error, and based on the disparity of income, we cannot find, in the absence of a transcript, that the court abused its discretion.

**{¶11}** Further, contra to appellant's argument, the decision does not reflect that the court increased support because the workers' compensation settlement is now designated as separate property. The magistrate merely noted that the appellee no

longer had the contemplated asset of $9,000.00 nor the $200.00 per month payment from the workers' compensation award.

{¶12} The first assignment of error is overruled.

II

{¶13} In his second assignment of error, appellant argues that the court erred in failing to specifically rule on his objections as required by Civ. R. 53(D)(4)(d):

{¶14} "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."

{¶15} Appellant cites to *O'Brien v. O'Brien*, 5th Dist. No. 02 CA-F-08-038, 2003-Ohio-2893, where we held that the trial court erred in adopting the magistrate's decision without specifically stating whether it was overruling or sustaining any, all, or part of the objections both parties filed to the magistrate's decision.

{¶16} In the instant case, the trial court did not specifically overrule appellant's objection to the magistrate's report. However, appellant filed a single objection, arguing that the amount of spousal support was against the manifest weight of the evidence and therefore an abuse of discretion. The trial court noted that appellant had filed an objection. The court further noted that appellant failed to provide a transcript, but the court reviewed the findings and decision. The court stated that it made an independent

analysis of the issues and law and adopted the magistrate's decision.  Because appellant filed a single objection and failed to file a transcript, we find that the court's decision is adequate to rule on the objection even in the absence of specific language stating that the objection is overruled.

{¶17}  The second assignment of error is overruled.

{¶18} The judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0829

[Cite as *Mayer v. Mayer*, 2012-Ohio-4924.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IMOGENE MAYER | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GARY MAYER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012 CA 00038 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES